**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **Frank R. Ferrarelli**　　plaintiff | : : : **Case No.** 1:08-cv-306 : : **Judge** Barrett : |
| vs. | : : |
| **Credit Bureau Collection Services, Inc. aka CBCS 236 E. Town St Columbus, Ohio 43215**　　defendant | : : : : : |

**Complaint to Enforce Civil Liability Pursuant to the Fair Debt Collection Practices Act and Ohio Consumer Sales Practices Act; Seeking Statutory, Actual Damages & Treble Damages Permanent Injunctive Relief; Attorney Fees; Trial by Jury**

### Introduction

1. This is a claim for statutory and actual damages caused by Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code §§ 1345.01 *et seq*., both of which prohibit a debt collector from engaging in deceptive, unfair and/or unconscionable debt collection practices. The conduct complained of primarily consists of improper and unlawful debt collection in engaging in further debt collection activity after being timely informed that the plaintiff disputed the debt and without first providing debt validation as required by statute.

## Jurisdiction and Venue

2. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Jurisdiction over the state claims is proper pursuant to 28 U.S.C. § 1367.

## Parties

3. Plaintiff, Frank R. Ferrarelli [hereinafter "plaintiff"], is a "consumer" as defined in the Act at 15 U.S.C. §1692a.(3) residing in Hamilton County, Ohio who, as a victim of identity theft, is falsely charged with owing money on a utility account supposedly owed to Duke Energy established by an identity thief who stole his identity [hereinafter referred to as the "debt" or "account"].

4. Defendant, Credit Bureau Collection Services, Inc., appears to be a domestic corp. (hereinafter **"CBCS" or "defendant")** which transacts business in the state of Ohio and elsewhere either by having a physical location therein or through the use of the United States mails, telephone or other instrumentality of interstate commerce.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a debt collector as defined in the Act at 15 U.S.C. **§**1692a.(6) who, in this matter, appears to have been collecting on behalf of an entity known as Duke Energy.

6. Said debt referred to herein, had it been incurred by the plaintiff, was incurred primarily for personal, family or household purposes.

## Count One
## Factual Allegations

7. Defendant initially communicated with plaintiff on or about February 13, 2008 concerning an account he allegedly owed to Duke Energy but which was the result of a fraud account established by an identity thief [see attached exhibit "A"].

8. On or about February 19, 2008 plaintiff sent timely written dispute of the account to the defendant [see attached exhibit "B"].

9. The dispute made by the plaintiff required defendant to send written validation of the account to plaintiff prior to engaging in further debt collection activity which it has never done.

10. Instead, subsequent thereto, defendant reported derogatory information concerning the account to CSC Credit Reporting Services and Trans Union, LLC.

11. Such reporting constituted prohibited debt collection activity on the part of the defendant.

12. Without limiting the scope of defendant's liability herein, defendant's conduct as enumerated herein, at least, constituted the following violations of the Act as set forth herein:

> a. by engaging in debt collection activity after a consumer has timely disputed a debt in writing and without providing debt validation or verification in violation of 15 U.S.C. §1692g.(b);
>
> b. by engaging in conduct which had the natural consequence of oppressing, harassing or abusing plaintiff in connection with the collection of a debt in violation of 15 U.S.C. §1692d; and,
>
> c. by generally engaging in conduct through the use of any false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e.(10).

13. As such, defendant is liable to plaintiff for both for both actual and statutory damages.

## Count Two
**[damages under state law]**

### Jurisdiction

14. This claim is made against defendant pursuant to the *Ohio Consumer Sales Practices Act*, hereinafter referred to as the "Act", O.R.C. §1345.01.01 et seq.

15. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction in that the claim herein arose out-of the same basic facts which gave rise to the federal claim.

### Parties

16. The parties are the same as those alleged in claim one.

17. Plaintiff, Frank R. Ferrarell, is a "consumer" as defined in the "Act" at O.R.C. §1345.01(D).

18. Defendant is a "supplier" as defined in the "Act" at O.R.C. §1345.01(C) in that, subsequent to the consummation of a consumer transaction, defendant engaged in the conduct of attempting to collect a debt.

### Allegations

19. Plaintiff hereby incorporates each and every allegation of claims one as if fully rewritten herein.

20. Defendant engaged in the following unfair, deceptive and unconscionable debt collection practices in violation of the Act as follows:

> (a) defendant falsely misrepresented the rights, obligations and remedies that the plaintiff, as a consumer, had under law in violation of O.R.C. §1345.02(B)(10); and,

      (b) defendant knowingly made misstatements of opinion in connection with the collection of a debt arising from a consumer transaction which were designed to exaggerate the remedies or power of defendant to collect a debt or the consequences to the plaintiff of non-payment of the debt which plaintiff was likely to rely to his detriment in violation of O.R.C. §1345.03(B)(6);

21. Plaintiff is entitled to treble his actual damages because defendant's conduct was either in violation of a Substantive Rule of Ohio Attorney General (OAC 109-4-3) or a Federal Trade Commission Rule or an act or practice declared to be either deceptive, or unconscionable by a Court of competent jurisdiction in the state of Ohio which decision was contained in the Public Inspection file of the Ohio Attorney General at the time of the events alleged in the complaint, pursuant to O.R.C. §1345.05.

22. Unless defendant is enjoined and restrained from continuing the foregoing illegal practices, plaintiff will suffer substantial and irreparable injury.

23. Plaintiff has no adequate remedy at law.

24. Plaintiff is entitled to both declaratory and injunctive relief pursuant O.R.C. §1345.09(D).

## **Prayer for Relief**

WHEREFORE, plaintiff, Frank Ferrarelli asks the Court to:

(1) Find defendant liable for violating 15 U.S.C§ 1692 in connection with its abusive, deceptive and unfair debt collection activity as described herein;

(2) Find defendant liable for violating Ohio's Consumer Sales Practices and award either actual or treble damages;

(3) Order defendant to pay plaintiff in an amount for emotional distress and any other compensatory damages to be proven at trial;

(4) Order defendant pay plaintiff for the costs of bringing this action and for reasonable attorney's fees;

(5) Order defendant be permanently enjoined from engaging in such such activity in the future;

(6) Provide plaintiff with a trial by jury of his peers; and

(7) Award plaintiff any and all other relief the Court deems just and appropriate in light of the evidence adduced at trial.

Respectfully submitted by:

/s/Steven C. Shane
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
321 Fairfield Ave.
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net